UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SABAL TRAIL TRANSMISSION, LLC,

        Plaintiff,

vs.

+/- 1.127 ACRES OF LAND IN HAMILTON
COUNTY, FLORIDA, HAMILTON ENERGY
RESOURCE OPPORTUNITIES, LLC, et al.,

        Defendants.

        Case Nos:         3:16-cv-263-J-20PDB
                                  3:16-cv-264-J-32MCR*
                                  3:16-cv-265-J-32PDB
                                  3:16-cv-266-J-25JRK
                                  3:16-cv-267-J-32MCR
                                  3:16-cv-268-J-25JBT
                                  3:16-cv-269-J-20JBT
                                  3:16-cv-271-J-39JRK
                                  3:16-cv-272-J-39MCR
                                  3:16-cv-273-J-25JBT
                                  3:16-cv-274-J-32JBT
                                  3:16-cv-275-J-32MCR
                                  3:16-cv-276-J-32JRK
                                  3:16-cv-277-J-34JBT
                                  3:16-cv-278-J-39JBT
                                  3:16-cv-282-J-20JRK
                                  3:16-cv-283-J-34JRK
                                  3:16-cv-285-J-39PDB
                                  3:16-cv-286-J-25MCR
                                  3:16-cv-287-J-20JBT
                                  3:16-cv-288-J-32JRK
                                  3:16-cv-289-J-39MCR
                                  3:16-cv-291-J-20JRK
                                  3:16-cv-293-J-39JRK

---

\*     To save space, the numbers but not the style of the remaining cases are listed.

| | |
|---|---|
| (continued) | 3:16-cv-296-J-25PDB<br>3:16-cv-297-J-39PDB<br>3:16-cv-300-J-34PDB<br>3:16-cv-301-J-20MCR<br>3:16-cv-302-J-34PDB<br>3:16-cv-303-J-20MCR<br>3:16-cv-304-J-39PDB<br>3:16-cv-307-J-25JBT<br>3:16-cv-309-J-39PDB<br>3:16-cv-311-J-20JBT<br>3:16-cv-313-J-39JRK<br>3:16-cv-314-J-32PDB<br>3:16-cv-315-J-25JBT<br>3:16-cv-317-J-34MCR<br>3:16-cv-318-J-32JRK<br>5:16-cv-155-Oc-39PRL<br>5:16-cv-162-Oc-39PRL<br>5:16-cv-170-Oc-32PRL<br>5:16-cv-173-Oc-32PRL<br>5:16-cv-180-Oc-39PRL<br>5:16-cv-201-Oc-39PRL<br>5:16-cv-203-Oc-39PRL<br>5:16-cv-207-Oc-32PRL<br>5:16-cv-210-Oc-32PRL<br>5:16-cv-227-Oc-32PRL |

_____/

## **ORDER**

These cases came before the Court for the resolution of two questions: first, whether federal common law or Florida substantive law supplies the federal rule for determining compensation when a licensee exercises the power of eminent domain under the Natural Gas Act ("NGA"), 15 U.S.C. § 717, et seq., and second, whether juries or a commission should try the issue of compensation. The Court has considered the parties' briefs and the relevant authorities, and also heard oral argument on June

9, 2017, at which the Court and the parties thoroughly explored these issues. (E.g., Case No. 3:16-cv-263-J-20PDB, Doc. 55).

A few days before oral argument, on June 5, 2017, Judge Mark Walker of the Northern District of Florida issued a well-reasoned opinion in which he decided the identical issues before this Court. Judge Walker held that the NGA adopts Florida substantive law as the federal measure of compensation. Sabal Trail Transmission, LLC v. Real Estate, — F. Supp. 3d —, 2017 WL 2434533 at *2-7 (N.D. Fla. Jun. 5, 2017). Judge Walker further ruled that juries, not a commission, would try the issue of compensation. Id. at *7.

This Court adopts Judge Walker's opinion and will follow its reasoning (and includes some further discussion in footnotes 1 and 2 to address two points not specifically covered in Judge Walker's opinion). For the reasons stated therein, when a private licensee like Sabal Trail takes private property in Florida to construct a pipeline under the NGA, Florida substantive law provides the measure of compensation, which the Florida Constitution refers to as "full compensation," Fla. Const., art. X, § 6(a).[1] In turn, Florida's definition of "full compensation" encompasses

---

[1] Sabal Trail argues that this case is distinguishable from the leading case of Georgia Power Co. v. Sanders, 617 F.2d 1112 (5th Cir. 1980) (en banc) (holding that state law supplied the measure of compensation where a licensee took land under the Federal Power Act, or "FPA," 16 U.S.C. § 814), because under the FPA, the Federal Energy Regulatory Commission can clear a licensee to undertake a project only if it determines that the project does not affect the development of water resources to the degree that the United States should undertake the project, 16 U.S.C. § 800. "Thus, by definition, a licensed [FPA] project does not implicate the interests of the United States to the degree that it is thought desirable that the project be undertaken by the United States itself." Georgia Power, 617 F.2d at 1118. Under the NGA, by contrast, private licensees carry out all pipeline projects. Sabal Trail interprets this difference

3

the landowners' attorney's fees, Joseph B. Doerr Trust v. Cent. Fla. Expressway Auth., 177 So. 3d 1209, 1215 (Fla. 2015), and reasonable expert costs, Florida E. Coast Ry. Co. v. Martin, 171 So. 2d 873, 877 (Fla. 1965).[2] Therefore, the landowners will be

---

to mean that all pipeline projects implicate the interests of the United States to a greater extent than projects undertaken by private licensees under the FPA.

    A more plausible interpretation is that Congress simply did not think that any one pipeline project would be so vital to the public interest that the United States itself should carry it out. Indeed, Congress knows how to reserve critical projects for the United States, as it did under the FPA. If Congress thought some pipeline projects were so vital to the United States' interests, it could either have (a) reserved vital projects for the federal government, or (b) given NGA licensees the same condemnation powers as the United States. But Congress did neither. For example, Congress has not given pipeline companies "quick take authority," i.e., the power to take possession before paying compensation. Transwestern Pipeline Co. v. 17.19 Acres, 550 F.3d 770, 774-75 (9th Cir. 2008). Instead, a pipeline company must either pay compensation or satisfy the requirements for a preliminary injunction before taking possession. See E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808 (4th Cir. 2004). The discrepancy between the eminent domain powers enjoyed by the United States and the powers enjoyed by pipeline companies suggests that Congress did not think projects undertaken by the two are of equivalent urgency.

    Furthermore, when Congress passed 15 U.S.C. § 717f(h), it intended the NGA's eminent domain provision to mirror the eminent domain provision applicable to licensees under the FPA. S. Rep. No. 80-429 at 4, 1st Sess. (1947). This suggests that Congress considered NGA licensees to stand in similar shoes as FPA licensees, with the implication that NGA licensees act in the public interest only to the same extent as FPA licensees. Thus, the Court does not find Sabal Trail's efforts to distinguish the FPA and NGA in this respect to be persuasive.

[2]     The Court briefly addresses Sabal Trail's fallback argument that even if the NGA adopts Florida law as the federal rule of compensation, the Court still cannot award attorney's fees – despite being part of the measure of "full compensation" – because doing so would conflict with the American Rule. This argument is circular. It ignores that the very reason why the choice-of-law dispute arises in cases like United States v. Kimbell Foods, Inc., 440 U.S. 715 (1979), Georgia Power, and this one is because there is some conflict between federal common law and state substantive law: if there were no difference, there would be no choice of law dispute in the first place. Anytime a court adopts state substantive law over federal common law, it raises the possibility that state law will vary from federal common law. As such, the inconsistency between Florida's measure of "full compensation" and the American

4

entitled to attorney's fees (as calculated under Fla. Stat. § 73.092) and costs (as calculated under Fla. Stat. § 73.091) because they are part of the federal rule of compensation applicable in this case.

With respect to whether juries or a commission should try the compensation issue, the Court honors the landowners' request that juries should be employed. As Judge Walker noted, commissions can be expensive and time consuming. Sabal Trail, 2017 WL 2434533 at *7 (citing Fed. R. Civ. P. 71.1(h)(2), Adv. Cmte. Note; United States v. Del., L. & W.R. Co., 264 F.2d 112, 115 (3d Cir. 1959)). More basically, private property rights are fundamental and landowners whose property is being condemned should be able to avail themselves of a jury trial whenever possible. The Court is confident that any logistical concerns with jury trials can be readily resolved. Regarding cases that are assigned to judges other than myself, I will leave it to each judge's informed discretion whether to use juries or a commission.

Accordingly, it is hereby **ORDERED**:

---

Rule does not give Sabal Trail an independent ground for a favorable ruling; such conflicts are intrinsically part of applying Kimbell Foods and Georgia Power.

Sabal Trail also argues that the outcome of Georgia Power would have been different had the state's measure of compensation included attorney's fees. The Court is unconvinced. Georgia Power observed that attorney's fees might be part of the state's measure of just compensation, and it instructed the trial judge on remand to resolve "[a]ny questions concerning the exact parameters of Georgia law on this issue." 617 F.2d at 1115 n.4. The court did not say that resolution of the attorney's fee issue would influence its holding that state law supplies the applicable rule. Indeed, if there were any chance that the right to attorney's fees could have affected Georgia Power's choice-of-law analysis, it would be strange for the court to nevertheless proceed with that analysis without first resolving whether state law entitled owners to attorney's fees. The court's directive on remand implies that, having found that state law supplies the applicable rule, if the state's measure of compensation includes attorney's fees, a landowner would be entitled to such fees.

1. The NGA adopts Florida substantive law of "full compensation" as the federal rule for measuring compensation in these cases. With the consent of my colleagues, this holding applies to all cases captioned in this Order.[3]

2. I will empanel juries to try the compensation issue as to those cases assigned to me.[4] Each judge will exercise his or her own discretion with respect to whether jury trials or commissions will be employed.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of June, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Honorable Marcia Morales Howard
Honorable Brian J. Davis
Honorable Harvey E. Schlesinger
Honorable Henry Lee Adams
Counsel of record

---

[3] The Court **GRANTS** Sabal Trail's motions to strike references by the landowners to Sabal Trail's settlement practices. The Court did not consider such information in deciding this matter

[4] There may be opportunities to have one jury decide compensation for multiple properties.